IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BILLY RAY BROWN | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv494 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Billy Ray Brown, an inmate confined at the Federal Correctional Institution in Seagoville, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus.

Discussion

On February 3, 2012, in the Eastern District of Texas, following a plea of guilty pursuant to a written plea agreement, the court entered a judgment convicting petitioner of maintaining a drug involved premise. Petitioner was sentenced to a term of 240 months' imprisonment. *See United States v. Brown*, Criminal Action Number 1:11cr31 (E.D. Tex. Feb. 3, 2012).

Petitioner submitted this petition seeking pre-sentence and post-sentence custody credit for time he claims he spent in custody of the Unites States Probation Department.

Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).

Petitioner is currently confined in the Federal Correctional Institution located in Seagoville, Texas where he was located when he submitted the petition. Pursuant to 28 U.S.C. § 124, Seagoville is located within the jurisdictional boundaries of the United States District Court for the Northern District of Texas. As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner is confined rather than dismissed the case for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 29th day of March, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE